UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Darius Gittens, | Civil Action |
| Plaintiff, | NO. 1:18-02519-(RBK)(KMW) |
| V. | NOTICE OF MOTION SEEKING SCREENING OF AMENDED COMPLAINT |
| Mildred Scholtz, et al., | |
| Defendants. | EX PARTE |

RECEIVED AUG 26 2019 AT 8:30 ___M WILLIAM T. WALSH CLERK

Please take notice that Darius Gittens, plaintiff, pro se, in the above captioned civil action, hereby gives **NOTICE** to Honorable Judge Robert B. Kugler, that pursuant **FRCP 15 (1) (a)** and **(b)** and pursuant the 7/23/2019 **Order** and **Opinion** of Honor**able** Judge Robert B. Kugler a motion for screening of amended complaint, -(**amended as a matter of course**)- which such proposed amended complaint is attached hereto), is made.

And this **NOTICE** of **MOTION** is made returnable per **Local Rule 78.1 (a)**, so that it falls on the **Third** Monday of September which is **September 16, 2019**.

Lastly, this **notice of motion** is served together with Certified Motion to Amend the complaint that is combined with a brief in support thereof, and the proposed amended complaint that are all dated August 22, 2019; with courtesy copy mailed to **chambers** of each such paper filed with Clerk.

DATED: 8/23/2019                              Respectfully submitted.

*Darius Gittens*
Darius Heimer Gittens
SBI #875223E ID #1079439
Northern State Prison, 168 Frontage Road, Newark, NJ., 07114

UNITED STATES DISTRICT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Darius Gittens, : | CIVIL ACTION |
| : | NO. 1:18-02519-(RBK)(KMW) |
| Plaintiff, : | |
| : | CERTIFIED AFFIDAVIT AND COMBINED |
| V. : | BRIEF IN SUPPORT OF MOTION TO AMEND |
| : | |
| : | COMPLAINT |
| Mildred Scholtz, et al., : | |
| : | EX PARTE |
| Defendants. : | |

(1) Darius Gittens, plaintiff, pro se, does certify as true and correct pursuant 28 USC 1746, the foregoing affidavit with combined brief in support of this Honorable Court **screening,** this amended (proposed) complaint.

(2) That this proposed amended complaint is done as this Honorable Court suggested be done in its July 23,2019 Opinion.

(3) On August 6,2019 plaintiff dated and did mail a motion for reconsideration which substantially underpins the need for seeking this Honorable Court's screening of this proposed amended complaint.

(4) Honorable Judge Robert B. Kugler in his (22) page 7/23/2019 Opinion and plaintiff's 8/6/2019 motion for reconsideration (**ECF NO.20**) brought to light certain words that were missing from the original (33) page complaint (ECF NO. 1) filed 2/23/2018.

(5) Plaintiff will now connect in chronological fashion why this proposed amended complaint needs be made and screened by this Court.

(6) Honorable Judge Robert B. Kugler at pages 9 and 10 of his 7/23/2019 Opinion correctly points out the deficiency in plaintiff's initial complaint where plaintiff, pursuing a "right to access to the courts claim under the First and Fourteenth Amendments." would need to allege an "actual injury" in the sense that he "lost a chance to pursue a 'nonfrivolous' or 'arguable' underlining claim and that ...[he has] no other" remedy for the lost claim and that "the complaint must describe claim well enough to demonstrate that it is "more than mere hope" and describe the lost remedy". It is the intention of plaintiff, by the addition of the following paragraphs, that the word changes identified from the initial complaint to those contained in the proposed amended complaint, as described below, will meet the threshold facts and claim that are more clear to this Honorable Court that show that plaintiff is entitled to tolling (equitable tolling) so that every day spent in Burlington County Detention Center December 16 2015, through November 16, 2016 are considered timely as to 2 year statute of limitations.

(7) Plaintiff respectfully suggests that this court re-read the complaint at paragraph 124, fifth line down after the word **"for"** and then read the proposed amended complaint and there is inserted the words **"this instant"**. This was re-worded in order for establishing proper factual predicate that establishes that **this** law suit was estopped from being constructed with facts, names of persons, dates, times and places corresponding to chronological construction of the complaint; this estoppel by certain of these defendants prevented plaintiff from the right to benefit State and Federal Statute of limitations of Two years whereupon the timely construction and filing within such time, this instant complaint, would have been possible.

(8) Plaintiff respectfully suggests that this Court re-read the complaint at paragraph 134, Third line down after **"6/6/2017"** and then read the proposed amended complaint and there is inserted the words **"202 days caused the unauthorized obstruction of access to legal materials and written log book documentations comprising times, dates, names and information specifically necessary to file this 42 USC 1983 with proper foundation, and the delay and loss of 202 days statute of limitations rights implicated in the construction and filing of initial complaint"**. This was re-worded for

the express purpose of complying with your Honor's leave to file this proposed amended complaint where at page (17) under the heading **"tolling"** is a case <u>Lake V. Arnold,</u> **232 F. 3d 630, 370 (3d Cir. 2000)**, this Court illustrated under federal law, equitable tolling is appropriate in three general scenarios: number 2 is applicable here "where extraordinary circumstances prevent a plaintiff from asserting her claims" then this Honorable Court asserts that "in this case, plaintiff fails to articulate any basis for equitable tolling", but then goes on to offer that plaintiff may file a motion to amend the complaint along with proposed pleading (amended complaint) and brief stating the basis for equitable tolling; **extraordinary circumstances** in this instant case can, with the amended complaint's word addition and re-reading the initial (33) page complaint (ECF NO. 1), makes it clear that certain of the defendants intentionally prevented plaintiff from accessing every piece of paper comprising the entire **file (work product) of this law suit for 202 days November 16, 2016 through to June 6, 2017.** No person constructing a law suit has every paper record of facts, times, dates, names, titles, places associated with the construction of a 42 USC 1983 law suit confiscated and obstructed so as to obfuscate and delay such construction this created an <u>**extraordinary circumstance**</u>, especially in view of these certain defendants Scholtz and T. Case, inter alia, willful disregard of the November 22, 2016 Court Order by Hon. Charles A. Delehey expressly requiring them to deliver the legal work to plaintiff once plaintiff had been classified and "transferred" to New Jersey State Prison, which occurred 11/22/2016. That Order is marked as exhibit "A" and attached hereto.

(9) Plaintiff also added words to paragraph "B" located in "claims for relief" Eight lines down after the word possession he inserted **"that caused 202 days loss of my statute of limitations to file this law suit.**

(10) Plaintiff also added words to paragraph "E" of "claims for relief" Second line down inserting after the word Scholtz **"illegally caused 202 day obstruction to my (2) year statute of limitations to file this instant law suit"**

(11) And lastly, plaintiff added words to paragraph "U" of "relief requested" Second line down inserted after the words entitled to **"including equitable tolling of statute of limitations in this law suit for 202 days"**.

(12) Since the day of the illegal obstruction of access to said legal materials 11/16/2016 through to the day they were returned 6/6/2017 plaintiff was at all times diligent and aggressively attempting to be reunited with said legal materials but all **reasonable diligence**, grievances filed and complaints directly to New Jersey Department of corrections by way of Corrections Ombudsman was met at every turn with avoidance, obfuscation and deliberate indifference. It is beyond cavil that defendants are not permitted in equity, from profiting from it's own misconduct see **Oshiver V. Levin, Fishbein, Sedran, & Berman**, 38 F.3d 1380, 1387 (3d Cir.1994).

(13) This Honorable Court by way of it's 7/23/2019 Order had the Court Clerk provide plaintiff a "transmittal" letter concerning procedure to be followed in sending Marshal the summons with 30 days, therefore, plaintiff asks this Court to **stay** service of the completed marshal forms until the Court rules on this motion to amend the complaint and in this way the marshal can serve this amended complaint, assuming the Court grants it's inclusion over the initial (current) (33) page complaint. Plaintiff retains the summons forms (USM-285 forms) until the Court provides guidance. Additionally, it should be noted that plaintiff is still waiting additional summons (USM-285 forms) he requested (ECF NO. 21) which due to typographical error by plaintiff in filling out the ones initially sent to him which would necessitate a delay until the Court Clerk sends new ones.

(14) Wherefore, plaintiff respectfully requests this Court permit the amended complaint attached hereto to replace the original one screened by the Honorable Robert B. Kugler on July 23, 2019 as well as the issuance of a **new Opinion and Order** as to the Court may find appropriate. And for such other relief if any this Court may deem appropriate. Respectfully Submitted.

Dated: 8/23/2019

_Darius Gittens_
Darius Heimer Gittens

"Exhibit A"

ANTHONY ALDORASI ATTORNEY ID 2923-2011
ASSISTANT DEPUTY PUBLIC DEFENDER
OFFICE OF THE PUBLIC DEFENDER
THE WASHINGTON HOUSE
100 HIGH STREET 2ND FLOOR
MOUNT HOLLY, NEW JERSEY 08060
(609)518-3060

| | |
|---|---|
| STATE OF NEW JERSEY | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | BURLINGTON COUNTY |
| | LAW DIVISION - CRIMINAL |
| V. | System No. 12-2986 |
| DARIUS GITTENS | Indictment No. 13-6-659-I |
| Defendant. | **ORDER** |

This matter having been brought before the court by Anthony Aldorasi Esq., for Darius Gittens (D.O.B. 5/28/1959 SBI # 875223E) on emergent application to the court with Assistant Prosecutor Lisa Commentucci Esq. appearing on behalf of the state and consenting to the order.

On the 22nd day of November 2016,

**IT IS ORDERED** that the personal property and paperwork belonging to Mr. Gittens, and in the custody of the Burlington County Jail, shall be preserved by the Burlington County Jail.

**IT IS FURTHER ORDERED** upon Mr. Gittens being classified at KRAF and sent to an appropriate State Prison facility the Burlington County Jail is to forward said paperwork and property to Mr. Gittens at the appropriate State Prison Facility within a reasonable amount of time.

_____
Honorable Charles A. Delehey J.S.C.
(On Recall)

Consenting Parties:

_____         _____
Anthony C. Aldorasi III                  Lisa Commentucci
Attorney for Mr. Darius Gittens          Burlington Co. Assistant Prosecutor
Dated: 11/22/16                          Dated: 11/22/16

JUDGE BOOKBINDER        Fax:609-518-2852

\*\* Transmit Conf. Report \*\*

P.1                                                          Nov 23 2016  13:39

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 92655250 | NORMAL | 23,13:39 | 0'49" | 4 | # O K | |

ANTHONY ALDORASI ATTORNEY ID 2923-2011
ASSISTANT DEPUTY PUBLIC DEFENDER
OFFICE OF THE PUBLIC DEFENDER
THE WASHINGTON HOUSE
100 HIGH STREET 2ND FLOOR
MOUNT HOLLY, NEW JERSEY 08060
(609)518-3060

| | |
|---|---|
| STATE OF NEW JERSEY, | SUPERIOR COURT OF NEW JERSEY |
| | BURLINGTON COUNTY |
| Plaintiff, | LAW DIVISION - CRIMINAL |
| | System No. 12-2986 |
| V. | Indictment No. 13-6-659-I |
| DARIUS GITTENS | |
| Defendant. | ORDER |

This matter having been brought before the court by Anthony Aldorasi Esq. for Darius Gittens (D.O.B. 5/28/1959 SBI # 875223E) on emergent application to the court with Assistant Prosecutor Lisa Commentucci Esq. appearing on behalf of the state and consenting to the order.

On the __22nd__ day of __November__ 2016,

IT IS ORDERED that the personal property and paperwork belonging to Mr. Gittens, and in the custody of the Burlington County Jail, shall be preserved by the Burlington County Jail.

IT IS FURTHER ORDERED upon Mr. Gittens being classified at KRAF and sent to an appropriate State Prison facility the Burlington County Jail is to forward said paperwork and property to Mr. Gittens at the appropriate State Prison Facility within a reasonable amount of time.

Honorable Charles A. Delehey J.S.C.
(On Recall)

Lisa Commentucci
Burlington Co. Assistant Prosecutor
Dated: 11/22/16

Consenting Parties

Anthony C. Aldorasi III
Attorney for Mr. Darius Gittens
Dated: 11/22/16

11/16/2016
6:00 PM
Wednesday

To: Anthony Aldorosi, esq
    Public Defender

From: Darius Gittens
      SBI 875223E

RECEIVED
NOV 21 2016
Office of the Public Defender
Burlington Region

Exhibit "A"

Re: All My Discovery All Legal Work every Paper.

Upon Transfer To C.R.A.F.
This Morning Transport officer T. Case phoned Someone and was Told I would Not Be permitted To Bring (any) Legal Work on Transport.

All Legal work was left in Booking with Sgt Morris with My Blue Suit please get these Legal papers for Me and forward To My Prision I will Be Transferred from C R A F To. I'll have

(Q)

Elsie Let you know. I may get to go to South Woods I'll know by Friday. it has Medical facility and Law Library That is only Bested ~~For~~ Rahway.

Mr Aldorasi I know it's a lot of work with 5 Boxes of Legal work But I have no one else to help Me I am Alone in New Jersey and Carroll is Back with Geoffrey I have no one To help Me. I put you down to Pick up ~~Case~~ this case. I hate asking you I know your over

Please help Me out They will Throw My Legal work all My Accumulated evedence out if They Don't hear from you also There is My Blue Sut Donate it To Clothing for count.

Th...