# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERT B. KUGLER**<br>**UNITED STATES DISTRICT JUDGE** | **MITCHELL H. COHEN U.S. COURTHOUSE**<br>1 John F. Gerry Plaza – Room 6040<br>Camden, NJ  08101<br>856-757-5019 |

April 24, 2020

TO:  MICHAEL POREDA, ESQ.

Re:  *Gittens v. Scholtz*, et al.
   Civil No. 18-2519 (RBK/KMW)

Dear Counsel:

The Court has received your request for clarification as to the Court's March 30, 2020, Opinion & Order.  As discussed in the Court's earlier Opinion:

> Service of the Complaint is now more than four months overdue, and the Court finds that Plaintiff *has not demonstrated good cause to extend his time for service*.  Nevertheless, in consideration of Plaintiff's former pro se status, the Court will grant him a 14-day extension to serve the Defendants.
>
> Additionally, because Mr. Poreda now represents the Plaintiff, the Court will instruct the Marshals Service to cease all further attempts to serve the Defendants, beyond those, if any, that have already been served.  The Court does not find it appropriate to permit Mr. Poreda to enjoy the same benefits as a duly appointed attorney from our pro bono panel, unless and until the Court grants his motion to appoint himself as pro bono counsel.

(ECF No. 34, at 2 (emphasis added)).

Counsel entered a notice of appearance on behalf of Plaintiff *before* requesting to be appointed as pro bono counsel and before receiving the Court's approval to proceed as pro bono counsel.

That said, Counsel generously received the ability to utilize the United States Marshals Service to effectuate service, from September 10, 2019, through March 30, 2020, far greater than the 90-day time limit to effectuate service. *See* Fed. R. Civ. P. 4(c)(3) (stating that the Court must order service by the Marshals "if the plaintiff is authorized to proceed in forma pauperis under 28

U.S.C. § 1915").

Plaintiff's time to serve, however, had long since expired, and the Court issued a notice of call for dismissal. Because Plaintiff had "not demonstrated good cause to extend his time for service," and because, in the Court's view, Counsel squandered his additional time to utilize the Marshals Service,[1] the Court provided Counsel with a *limited* opportunity to effectuate service on his own, if he wished to proceed with this case. (ECF No. 34, at 2).

Once again, Counsel offered no explanation for failing to serve the initial Complaint within 90 days or request an extension of time to effectuate service. Even if Counsel believed that the filing of a motion to amend extended his time to effectuate service, he did not file the motion to amend until December 24, 2019, nearly two months after his time to effectuate service had expired.

To be clear, because Plaintiff had failed to show good cause "as to why this action should not be dismissed" in response to the notice of call for dismissal, (ECF No. 30), the Court provided him with a limited opportunity to effectuate service on the remaining Defendants, rather than dismiss this matter.

Thank you.

Very truly yours,

s/ Robert B. Kugler

ROBERT B. KUGLER
United States District Judge

---

[1] It "appears that his attorney did not attempt to effectuate service, until January 31, 2020, when the Marshals issued a letter advising that Plaintiff had not completed the necessary forms to attempt service. (ECF No. 29). Nor does it appear, that Plaintiff had ever asked for an extension of time to effectuate service." (ECF No. 34, at 2).